# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

MARCELLUS H. BAKER SR., )
)
                      Plaintiff, ) **CIVIL ACTION**
)
v. ) No. 09-1214
)
TARGET CORPORATION, )
)
                      Defendant. )
)

## MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 13). Plaintiff filed his pro se response and the matter is ripe for decision. (Docs. 14, 16, 18). For the reasons contained herein, defendant's motion is granted.

## I. BACKGROUND

Plaintiff was employed by defendant as a Bike Specialist. He alleges that defendant discriminated against him from April 1, 2009, to June 16, 2009. On April 22, plaintiff alleges that he was wrongly accused of failing to perform his work duties.

On June 1 and June 19, 2009, plaintiff filed complaints with the Kansas Human Rights Commission ("KHRC") and Equal Employment Opportunity Commission ("EEOC"), respectively. Plaintiff checked every box alleging discrimination based on race, color, sex, religion, national origin, retaliation, age, and disability.[1] On June 23, the

---

[1] In plaintiff's response, he alleges that the EEOC intake worker checked the boxes. Plaintiff claims that he simply signed the complaint and mailed it back. Plaintiff presented no evidence (and the court doubts that any exists) that the EEOC worker checked any box

EEOC found no violations and issued plaintiff a right to sue notice.

On July 9, plaintiff filed his pro se complaint against defendant alleging discrimination based on race, national origin, gender, religion, age, disability, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. and Age Discrimination in Employment Act of 1967, 42 U.S.C. §§ 621 et seq. Plaintiff also alleges that defendant failed to accommodate his disability.

## II. PLAINTIFF'S PRO SE STATUS

The court is mindful that plaintiff is proceeding pro se. It has long been the rule that pro se pleadings, including complaints and pleadings connected with summary judgment, must be liberally construed. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); Hill v. Corrections Corp. of America, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998). This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction. See Hall, 935 F.2d at 1110. Liberal construction does not, however, require this court to assume the role of advocate for the pro se litigant. See id. Plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district. See id.; Hill, 14 F. Supp.2d at 1237. A pro se litigant is still expected to follow fundamental procedural rules. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

---

inconsistent with plaintiff's allegations or independently asserted claims on plaintiff's behalf.

-2-

**III. 12(b)(6) STANDARDS**

Defendant's motion is made pursuant to Fed. R. Civ. P. 12(b)(6). The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**IV. ANALYSIS**

Plaintiff checked every box listed on the EEOC complaint alleging discrimination based upon race or color, religion, national origin, gender, disability, age, harassment, and retaliation and provided a one paragraph explanation as to how defendant discriminated against him.

> The Defendants in this case have clearly violated the rights of the Plaintiff in this case, on more than one occasion, with unpervoked [sic] acts of harassment, and different types of non legal discrimination in a work place. One supervisors [sic] dis [sic] like for the Plaintiff, in retaliation, that the Plaintiff signed a statement on him, also caused the other supervisors to side

> with him against the Plaintiff. The Plaintiff will ask the Court to force the Defendants to surrender video tapes, which will help prove the facts of this case, and all the factual charges.

(Doc. 14 at 5).

The court agrees with defendant that all but one sentence in plaintiff's factual allegations are conclusory statements. Plaintiff provides no statement of fact that support his claim for discrimination based on race, gender, national origin, religion, age, or disability. Nor has plaintiff provided any statement of fact as to how defendant allegedly harassed him. Even if the court considers plaintiff's complaint filed with the KHRC, which states that he was "subjected to disparate treatment, including being accused of failing to perform warm up before starting work[,]" there are only conclusory statements as to how defendant allegedly discriminated against plaintiff. (Doc. 1 at 8). Therefore plaintiff's Title VII, ADEA, and ADA discrimination claims are dismissed under Fed. R. Civ. P. 12(b)(6).

Moving to plaintiff's retaliation claim, it appears as though plaintiff made a complaint against one of his supervisors. Plaintiff alleges that defendant retaliated against him when the supervisor, who was the subject of the complaint, caused the other supervisors to disagree with plaintiff's position.

While plaintiff has provided <u>slightly</u> more factual support for his retaliation claim, the court still finds that the allegations are insufficient to support such a claim. Plaintiff's supervisors considered his complaint and simply found against him. The fact that plaintiff's supervisors agreed with another supervisor's position

instead of plaintiff is not evidence of retaliation. Therefore, plaintiff's retaliation claim is dismissed.

Plaintiff also alleges that defendant failed to accommodate his disability by no longer providing orange juice when he had low blood sugar. (Doc. 1 at 4). Defendant contends that plaintiff failed to exhaust his accommodation claim. The court agrees.

"In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to filing an ADA action." <u>Lara v. Unified School Dist. #??501</u>, No. 08-3320, 2009 WL 3382612, at *4 (10th Cir. Oct. 22, 2009). Simply alleging a disability discrimination claim by checking the box does not exhaust a failure-to-accommodate claim. <u>Id.</u>

Plaintiff alleged that he was discriminated against on the basis of disability. However, no where in the text of his EEOC or KHRC complaints does plaintiff allege that defendant failed to accommodate his disability. <u>See</u> <u>id.</u> (noting that the plaintiff did not allege any failure to accommodate in the text of the KHRC charge). Plaintiff failed to exhaust his accommodation claim and it is dismissed.

**V. CONCLUSION**

For the reasons stated more fully herein, defendant's motion to dismiss (Doc. 13) is granted. The clerk is directed to enter judgment for defendant pursuant to Rule 58.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been

obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau. The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this __14th__ day of May 2010, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE